Filed 2/13/24  Cooper v. Friederick CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CHARLES COOPER, | B324895 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. MC027920) |
| v. | |
| MICHAEL FRIEDERICK et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen Morgan, Judge.  Affirmed.

Charles Cooper, pro. per., for Plaintiff and Appellant.

McClaugherty & Associates, Jay McClaugherty and Allison Moonhyung Lee for Defendants and Respondents.

_____

Plaintiff and appellant Charles Cooper appeals from an order denying discretionary relief under Code of Civil Procedure section 473, subdivision (b), following a judgment of dismissal in favor of defendants and respondents Michael Friederick and Spencer Friederick.[1]  We conclude the record is inadequate to review the trial court's exercise of discretion.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On April 23, 2018, Cooper filed a complaint for personal injuries arising from a motor vehicle accident.  The complaint has not been included in the appellate record.  The Friedericks filed motions to compel responses to interrogatories, for production of documents, and to compel an independent medical examination.  Cooper filed no opposition, and the trial court granted the motions.

Cooper filed a notice of limited scope representation.  Neither Cooper, nor his attorney appeared on September 2, 2021, for a hearing on a motion for sanctions.  Cooper's attorney claimed there had been a calendaring mistake.

Neither Cooper, nor his attorney appeared for a final status conference on March 2, 2022.  On the court's own motion, the final status conference was continued to the trial date of March 11, 2022.  The court also issued an order to show cause regarding sanctions for failing to appear on March 2, 2022.  Cooper's attorney filed a substitution of attorney withdrawing

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

from the limited representation, after which Cooper represented himself. Cooper filed no trial documents, did not appear for trial on March 11, 2022, and did not contact the court clerk regarding his absence. On March 11, 2022, the trial court dismissed the complaint without prejudice.

Five months later, on August 8, 2022, Cooper filed a motion to vacate the dismissal under section 473, subdivision (b), on the ground that he failed to appear on March 11, 2022, due to a medical emergency. Cooper submitted his declaration stating that he failed to appear on March 11, 2022, due to sudden slip of two bulging discs in his lower back and two bulging discs in his neck that caused unbearable pain. He also submitted the declaration of a home care provider who stated that she received a call from Cooper at 5:15 a.m. needing immediate assistance. She helped him to lie down and provided a sleep aid.

The Friedericks opposed the motion to vacate the dismissal. Their attorney declared that among other delays and lack of cooperation with discovery, Cooper had not appeared for the medical examination. Cooper filed a reply to the opposition.

After a hearing on August 30, 2022, the trial court denied the motion to vacate the dismissal. No reporter's transcript or settled statement of the proceedings has been provided on appeal. The trial court issued a statement of decision noting that the action was almost four years old. The court concluded that the slipped discs would be considered "surprise," as Cooper was injured without negligence on his part. However, the complaint was not dismissed solely for failing to appear on March 11, 2022, but also for his failure to appear on March 2, 2022, which he had not explained. No trial documents had been filed, so Cooper was not ready for trial. While his failure to appear on March 11,

3

2022, may have been due to surprise, it was also patent that Cooper was not prepared for trial and had failed to explain his nonappearance on March 2, 2022.

Cooper filed a motion for reconsideration, which the trial court denied. Cooper filed a timely notice of appeal.

## DISCUSSION

## <u>Standard of Review</u>

In general, the trial court's ruling on a motion for discretionary relief under section 473, subdivision (b) is reviewed on appeal for an abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.)

## <u>Inadequate Record</u>

The appellate record does not include a reporter's transcript of the hearing on the motion to vacate or a suitable substitute, such as a settled statement under California Rules of Court, rule 8.137. We conclude the record is insufficient to demonstrate reversible error under California law.

In a variety of cases, appellate courts have refused to address the merits of an appellant's contention on appeal when no reporter's transcript or suitable substitute has been provided for a relevant hearing, because we presume on appeal that the trial court's judgment or order is correct and the appellant must affirmatively show error. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the

4

trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.]" (*Ibid.*)

"A reporter's transcript may not be necessary if the appeal involves legal issues requiring de novo review. [Citation.] In many cases involving the substantial evidence or abuse of discretion standard of review, however, a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) If the record is inadequate to allow meaningful review, " ' "the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] '. . . [Appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' [Citation.]" (*Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187.)

Without a record of the trial court proceedings that took place on August 30, 2022, concerning the motion to vacate, we cannot review the arguments, concessions, or information presented to the trial court. We do not know what statements were made by the parties or the trial court about setting aside the dismissal of the complaint. The record is insufficient to show any additional evidence presented or offers of proof that were made concerning Cooper's appearance for the scheduled medical examination or his failure to appear at the final status conference on March 2, 2022. There is no basis to review the trial court's exercise of its discretion. We presume the post-judgment order is

correct unless the record affirmatively demonstrates otherwise, and therefore, no showing of an abuse of discretion has been made on appeal.

## DISPOSITION

The order denying the motion to vacate the dismissal under section 473, subdivision (b), is affirmed. Respondents Michael Friederick and Spencer Friederick are awarded their costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

We concur:



BAKER, Acting P. J.



KIM, J.